

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00202-CR

_____

ANTHONY B. DAVENPORT, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 10-0273X

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Anthony B. Davenport, Jr., appeals his conviction for aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021 (West 2011). Davenport pled guilty,[1] without a negotiated plea agreement, and signed a written stipulation of the evidence. The trial court found Davenport guilty and sentenced him to eight years' confinement.

Davenport's attorney on appeal has filed a brief that discusses the record and reviews the proceedings in detail. The brief sets up several potential arguments and explains in detail why each fails to show a reversible error. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of the law. *See Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Davenport informing him of his right to file a pro se response and to review the record. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal. Davenport has neither filed a pro se response nor requested an extension of time in which to file such response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support

---

[1]The trial court admonished Davenport concerning the range of punishment both orally and in writing. Davenport was admonished in writing concerning the existence of sex offender registration.

an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In a frivolous appeal situation, we are to determine whether the appeal is without merit and is frivolous; if so, the appeal must be dismissed or affirmed.  *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[2]


Josh R. Morriss, III
Chief Justice

Date Submitted:  March 20, 2012
Date Decided:  March 21, 2012

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or for en banc reconsideration was overruled by this Court.  *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3 (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104, effective Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.